**Junior Howard NEWMAN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–2146.**

United States Court of Veterans Appeals.

Argued Jan. 29, 1993.

Decided May 12, 1993.

David R. Dowell, Jacksonville, NC, for appellant.

Vito A. Clementi argued the case, and James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Joan E. Moriarty, Washington, DC, were on the pleadings, for appellee.

Before MANKIN, IVERS and STEINBERG, Associate Judges.

MANKIN, Associate Judge:

Junior Howard Newman appeals the August 30, 1991, Board of Veterans' Appeals (BVA or Board) decision which denied entitlement to effective dates (1) earlier than May 20, 1988, for service connection for peptic ulcer disease, (2) earlier than July 13, 1984, for lumbosacral strain with spondylolisthesis, evaluated as 60% disabling, (3) earlier than July 13, 1984, for a total rating based on individual unemployability, and which granted entitlement to an effective date (4) of July 13, 1984, for post-traumatic stress disorder (PTSD), evaluated as 30% disabling. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991). We affirm in part and remand in part.

## I. Background Facts

The veteran served in the United States Marine Corps from July 1938 to February 1946. He was captured in May 1942 and held as a prisoner of war by the Japanese government in the Philippines and Japan until February 1946. During his captivity, the veteran was severely beaten; as a result, he was taken off of work detail for thirty days. The veteran's separation examination report is unremarkable.

On March 8, 1946, Mr. Newman filed an application for compensation or pension, claiming entitlement to service connection for a back disorder, beri-beri, malnutrition,

pellagra, malaria, and pneumonia. On March 12, 1946, a Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) granted service connection for malaria, evaluated as non-compensable, and denied all other claims. The veteran underwent a VA medical examination in June 1946. As a result, on July 11, 1946, the RO granted service connection for "back sprain lumbo sacral region by analogy," evaluated as 40% disabling, and granted service connection for the left big toe, evaluated as 10% disabling; both evaluations were granted effective from February 20, 1946.

On February 20, 1947, the veteran was examined by Dr. Poland, a VA physician with a surgical specialty, who noted that x-rays indicated "a lack of continuity in posterior-inferior articulation of the fifth [lumbar], which has the appearance of an old *fracture* with a mild amount of spondylolisthesis." (Emphasis added.) Spondylolisthesis is defined as "forward displacement of a lumbar vertebra on the one below it and esp[ecially] of the fifth lumbar vertebra on the sacrum producing pain by compression of nerve roots." WEBSTER'S MEDICAL DESK DICTIONARY 670–71 (1986). Dr. Poland's report referenced records of Dr. Armington who also diagnosed an old *fracture* of the fifth lumbar. The RO denied increased ratings for the veteran's disabilities.

In July 1947 VA physical and neurological examinations were conducted, indicating complaints of nervousness and a diagnosis of anxiety hysteria. The veteran initiated a claim for anxiety which was granted by the RO, effective February 20, 1946, and he was evaluated as 10% disabling.

Mr. Newman submitted a report from Dr. Wright, a radiologist who, after reviewing x-rays taken in January 1947, found "a deformity of the posterior inferior articulation between the fifth lumbar and sacrum with a line extending through the articulation which we questioned as a probable previous fracture." Dr. Wright also found that, as compared to a May 1946 x-ray, the veteran's current state indicated "considerably more lordosis and more posterior slipping of the sacrum." Lordosis is an abnormal curvature of the spine forward. WEBSTER'S MEDICAL DESK DICTIONARY 394 (1986). He opined that "this is a progressive process and will cause more deformity as time goes on." In September 1949 the RO issued a confirmed rating decision.

An April 10, 1953, VA examination indicated that Mr. Newman received treatment for a nervous disorder. On this same date the veteran underwent a psychiatric examination and was diagnosed with anxiety reaction, with conversion elements, degree moderate. The RO continued the veteran's ratings. The veteran submitted medical records from the VA Hospital in Lexington, Kentucky. The RO issued a confirmed rating decision.

The veteran initiated a claim for service connection for peptic ulcer disease, but this claim was denied by the RO on December 5, 1984. The RO also denied increased ratings for the veteran's service-connected disorders. Additional medical records were submitted and a confirmed decision was issued.

Mr. Newman submitted additional evidence, including a June 1985 VA medical report that found spondylolisthesis, and a letter from Dr. Farag, a private physician, who found the veteran to be "totally disabled." Another confirmed rating decision was issued. In a September 9, 1986, BVA hearing the veteran testified that he had muscle spasms in his leg. On November 5, 1986, the Board granted service connection for spondylolisthesis and remanded the matter for further development.

In January 1987 the veteran, through his attorney, submitted a claim for entitlement to individual unemployability. He underwent a VA examination which revealed that his spine showed 55 degrees flexion, 30 degrees extension, 20 degrees right lateral flexion, and 10 degrees left lateral flexion. The RO increased Mr. Newman's rating for a back disorder to 60%, effective from July 13, 1984, but denied an increased rating for PTSD, and denied service connection for peptic ulcer disease.

In May 1987, Dr. Musselman found that the veteran had difficulty in establishing

relationships, and had psychoneurotic symptoms. At a second BVA hearing, on June 9, 1987, Mr. Newman testified that he was hospitalized at the VA Hospital in Indianapolis "about 24 years ago" for his nervous condition, and thereafter he was forced to sell his business because of his nerves. In a February 3, 1988, decision, the BVA remanded for an examination by a panel of psychiatrists. The panel proffered a diagnosis of PTSD, chronic, moderate. A confirmed rating decision was issued, maintaining the 10% rating.

In a VA medical record dated May 11, 1988, peptic ulcer disease was indicated. The veteran was hospitalized for two weeks in February 1989, at which time a biopsy of the stomach was conducted. On May 18, 1989, the RO awarded a 30% rating for PTSD from July 31, 1987, a 10% rating for peptic ulcer disease from May 20, 1988, and individual unemployability from July 13, 1984.

Mr. Newman filed a Notice of Disagreement and a Substantive Appeal (VA Form 1–9), claiming entitlement to earlier effective dates for PTSD, peptic ulcer, back disorder, and a total rating based on individual unemployability. The veteran claims that there was clear and unmistakable error (CUE) in previous decisions. The BVA denied earlier effective dates for peptic ulcer disease, back disability, and individual unemployability, and granted an earlier effective date of July 13, 1984, for PTSD. *Junior H. Newman*, BVA 91–25517, at 7 (Aug. 30, 1991). Mr. Newman filed a timely appeal to this Court.

## II. Analysis

The veteran contends that he is entitled to an earlier effective date from 1946 for his service-connected back disorder, peptic ulcer disease, and PTSD, based on CUE in previous VA adjudications. As indicated below, we find a well-grounded CUE claim as to the back disorder only.

### A. Peptic Ulcer Disease and PTSD

The veteran has the burden of "submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well[-]grounded." 38 U.S.C.A. § 5107(a) (West 1991); *Murphy v. Derwin-*

*ski*, 1 Vet.App. 78, 81 (1990). "A well[-]grounded claim is a plausible claim, one which is meritorious on its own or capable of substantiation." *Murphy*, 1 Vet.App. at 81. In this case, to determine whether the claims are plausible and well-grounded, we must examine what is required for a valid CUE claim.

In *Russell v. Principi*, 3 Vet.App. 310 (1992) (en banc), this Court stated:

In order for there to be a valid claim of "clear and unmistakable error," there must have been an error in the prior adjudication of the claim. Either the correct facts, as they were known at the time, were not before the adjudicator or the statutory or regulatory provisions extant at the time were incorrectly applied. *The claimant, in short, must assert more than a disagreement as to how the facts were weighed or evaluated.*

*Id.* at 313 (emphasis added). As to the claims for peptic ulcer disease and PTSD, Mr. Newman alleges that CUE was present in earlier VA decisions because the same symptoms detected in all VA examinations from 1946 to 1988 were present in 1946, but ignored. The veteran does not contend that this evidence was not before the adjudicator, nor that statutory or regulatory provisions were incorrectly applied. Mr. Newman is asserting disagreement with how the adjudicators weighed or evaluated the facts before them. No valid claim of CUE as to these claims has been raised, and, therefore we hold that the claim is not plausible, nor well-grounded.

In its August 30, 1991, decision, the Board did not adjudicate the veteran's claims for CUE. Because the above stated claims were not well-grounded and could not be evaluated by the BVA, we hold that the Board's failure to respond to these CUE claims was not prejudicial error. *See* 38 U.S.C.A. § 7261(b) (West 1991) ("[T]he Court shall take due account of the rule of prejudicial error."); *Brady v. Brown*, 4 Vet.App. 203, 207 (1993); *Thompson v. Derwinski*, 1 Vet.App. 251, 253 (1991).

### B. Back Disability

A well-grounded claim has been presented for the claim of CUE regarding the

veteran's back disability. The veteran suffered from spondylolisthesis and from a *fracture* of the fifth lumbar which was indicated in x-rays and noted by several physicians. On July 11, 1946, the RO awarded a 40% rating for "back *sprain* lumbo sacral region by analogy." (Emphasis added.) On February 3, 1987, the RO increased Mr. Newman's rating to 60% disabling, effective July 13, 1984.

First, we note that a fracture and sprain are not identical disabilities, and, second, we find no indication in the record that the veteran's back disorder has improved since July 11, 1946. Third, we find that the veteran's claim for CUE centers around whether the correct diagnostic criteria were applied in 1946. This is a valid CUE claim as to whether the regulatory provisions were applied correctly. *See Russell, supra.* Thus, the Court holds that a well-grounded claim was presented as to the issue of entitlement to an increased rating for the veteran's back disorder, based on CUE in prior VA decisions.

Because a well-grounded claim was submitted by the veteran, the Board should have addressed it. Therefore, we remand this matter to the BVA for adjudication of the claim of CUE in previous decisions regarding the veteran's back disability. The Board will provide a new decision, complete with reasons or bases for its findings and conclusions. *See* 38 U.S.C.A. § 7104(d)(1) (West 1991); *Gilbert v. Derwinski,* 1 Vet. App. 49 (1990).

### C. Individual Unemployability

If, after consideration of the back disorder claim, the Board determines that CUE did exist in a previous decision and if that decision is thus amended to award an increased rating for the veteran's back disorder, then another evaluation must be made. If CUE is found, the VA must determine whether Mr. Newman was also entitled to a total rating based on individual unemployability as of the time of the amended decision. *See Russell,* 3 Vet.App. at 314 ("Once a determination is made that there was such a 'clear and unmistakable error' in a prior decision that would change the outcome, then *that* decision is revised to

conform to what the decision should have been."); 38 C.F.R. § 4.16 (1992). However, if the BVA fails to find CUE in previous decisions, then the Board need not consider the claim for individual unemployability because, as with the CUE claims regarding peptic ulcer disease and PTSD, the CUE claim for individual unemployability on the evidence before the RO in the previous adjudications constitutes asserting disagreement with how the adjudications weighed or evaluated the facts before them; only if there is a CUE retroactive award of an increased evaluation for the back disorder does the individual unemployability claim become a well-grounded claim.

### III. Conclusion

Accordingly, we AFFIRM the BVA decision as to the claims for peptic ulcer disease and PTSD. As to the claims for a back disability and individual unemployability, we VACATE the BVA decision, and REMAND the matter for proceedings consistent with this opinion.