Robert G. POOR, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 91–1708.

United States Court of Veterans Appeals.

April 9, 1993.

Before STEINBERG, Associate Judge

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

■ The pro se appellant, veteran Robert G. Poor, appeals from a September 13, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying entitlement to service connection for degenerative arthritis of the cervical spine, Lyme disease, brain damage, and a psychiatric disorder, and dismissing his claim for a total disability rating based on individual employability. *Robert G. Poor*, BVA 91–29274 (Sept. 13, 1991). The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance. Summary disposition is appropriate in this case because it is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990).

■ Pursuant to 38 U.S.C.A. § 5108 (West 1991), the Secretary must reopen a previously and finally disallowed claim when "new and material evidence" is presented or secured with respect to that claim. *See* 38 U.S.C.A. § 7104(b) (West 1991). In considering claims to reopen previously and finally disallowed claims, the Board must first determine whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". *See Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). Evidence is "new" if it is not "merely cumulative" of evidence already in the record; it is "material" if it is "relevant [to] and probative of the issue at hand" and there is a "reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991). The determination as to whether evidence is "new and material" is a question of law which this Court reviews de novo under 38 U.S.C.A. § 7261(a)(1) (West 1991). *See Masors v. Derwinski*, 2 Vet.App. 181, 185 (1992); *Jones (McArthur) v. Derwinski*, 1 Vet.App. 210, 213 (1991); *Colvin, supra.*

The veteran served on active duty in the U.S. Army from June 1961 to March 1964. R. at 27, 36. He was involved in an automobile accident in November 1963 (R. at 5), and service medical records show complaints of "acute moderate neck pain", which was assessed as acute muscle strain from whiplash, and negative X-ray results. R. at 105. His separation examination reported no disabilities, R. at 1–4, and contained a notation apparently signed by him: "I am in excellent health." R. at 3.

■ The veteran's claims for service connection for brain damage and a psychiatric disorder were denied by a prior final decision of the BVA in August 1989. R. at 179–84. The newly submitted evidence in support of these claims consists of a copy of a medical report, bearing a November 1964 date, in which Dr. Victor Freeman, a private psychiatrist, states a diagnosis of "Paranoid-type disorder with indications of active psychotic features". R. at 178. As the Board noted, this report is almost identical to a November 1972 report which was before the Board at the time of its August 1989 decision (*see* R. at 181), the only difference being the date of the report. R. at 177. Further, although the copy of the report dated November 1964 is illegible in part, the November 1972 report is completely legible and reveals Dr. Freeman's statement that the diagnosis was based on his November 2, 1972, examination of the veteran. Accordingly, the Court holds that the November 1964 report is cumulative and thus not "new". *See Colvin, supra.* Those claims thus could not properly be reopened on the basis of the evidence submitted.

■ As to the veteran's claim for service connection for degenerative arthritis, which he asserted was related to his in-service automobile accident, that claim had been denied by a Veterans' Administration (now Department of Veterans Affairs) regional office in April 1987. The newly submitted evidence in support of this claim consists of an unsigned July 1971 private "Rehabilitation Survey" describing the veteran's then-current state of health (R. at 194); a March 1967 doctor's bill for services rendered in January and February 1967 (R. at 195); and private radiological reports dated April 1988, December 1988, and February 1989. R. at 155, 159–60. The radiological reports relate only to the veteran's current condition and do not establish an etiological relationship between that condi-

tion and his period of active military service. Therefore, in the absence of evidence relating his degenerative arthritis to service, the veteran has not submitted evidence which, when viewed in the context of all the evidence, creates "a reasonable possibility" of a changed outcome. *See Colvin, supra; Rabideau v. Derwinski,* 2 Vet.App. 141, 143–44 (1992).

 As to his claim for Lyme disease, pursuant to 38 U.S.C.A. § 5107(a) (West 1991), "a person who submits a claim for benefits under a law administered by the Secretary shall have the burden of submitting *evidence* sufficient to justify a belief by a fair and impartial individual that the claim is well grounded". (Emphasis added.) A well-grounded claim is "a plausible claim, one which is meritorious on its own or capable of substantiation." *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990). Although the claim need not be conclusive, it must be accompanied by supporting evidence sufficient to justify a belief by a fair and impartial individual that the claim is plausible. *See Tirpak v. Derwinski,* 2 Vet.App. 609, 610 (1992). In this case, the veteran has failed to submit medical evidence that he suffers from Lyme disease; his own conjecture is not competent evidence. *See Espiritu v. Derwinski,* 2 Vet.App. 492, 494 (1992) (lay witness not competent to offer evidence that requires medical knowledge).

Having not asserted any plausible basis entitling him to service connection for Lyme disease, the veteran has failed to submit a well-grounded claim under 38 U.S.C.A. § 5107(a), and having failed to submit new and material evidence to reopen his claims for service connection for degenerative arthritis of the cervical spine, brain damage, or a psychiatric disorder, those claims could not be reopened under 38 U.S.C.A. §§ 5108, 7104(b). Therefore, the Board was not required to carry any of the current claims to full adjudication, and any error in the subsequent administrative proceedings as to those claims is harmless. *See Kehoskie v. Derwinski,* 2 Vet.App. 31, 34 (1991); *Godwin v. Derwinski,* 1 Vet.App. 419, 425 (1991); *Thompson v. Derwinski,* 1 Vet.App. 251, 254 (1991).

Finally, as to the veteran's claim for a total disability rating based on individual unemployability, the Board found that the veteran is not service connected for any disability and dismissed his claim pursuant to 38 U.S.C.A. § 7105(d)(5) (West 1991), which provides that the BVA "may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed." Because the veteran suffers from no service-connected disability, there is no plausible basis for his entitlement to a total service-connected disability rating based on individual unemployability under 38 C.F.R. § 4.16 (1992). Accordingly, that claim is not well grounded under 38 U.S.C.A. § 5107(a), and the Board was not required to carry it to full adjudication. *See Murphy, supra.*

Upon consideration of the record, the appellant's informal brief, and the Secretary's motion, the Court holds that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C.A. §§ 7261, 7252, 5107(a), (b), 7104(d)(1) (West 1991) and the analysis in *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). The Court grants the Secretary's motion for summary affirmance and summarily affirms the September 13, 1991, BVA decision.

AFFIRMED.