**Martin MALLIK, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–2100.

United States Court of Veterans Appeals.

July 15, 1993.

Before MANKIN, Judge.*

**MEMORANDUM DECISION**

MANKIN, Judge:

Martin Mallik appeals the August 9, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which denied entitlement to service connection for hypertension. The Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991).

Mr. Mallik served in the United States Army from September 1944 to February 1950. R. at 1. In a June 1946 physical examination, appellant had a blood pressure reading of 135(systolic)/98(diastolic). R. at 17. Subsequent blood pressure readings taken during the course of appellant's military service were: 120/75 (R. at 26);

---

* Note: This single-judge action carries no precedential weight in other cases. See *Bethea v.* *Derwinski,* 2 Vet.App. 252, 254 (1992).

140/80 (R. at 55); 100/70 (R. at 61); and 130/70 (R. at 81). A physical examination conducted pursuant to appellant's separation from the military recorded appellant's blood pressure as 118/72. R. at 3. In August 1973, 23 years following separation from service, appellant was hospitalized for acute myocardial infarction and arteriosclerotic heart disease. R. at 115–16. On his admission record, "heart dis[ease] or hypertension" was indicated under "IF ILLNESS DESCRIBE." R. at 120. The record does not contain any post-service diagnosis of hypertension.

■ To be eligible for service connection for hypertension, a veteran must have current diastolic blood pressure readings which are "predominantly" over 100, and must have had diastolic blood pressure readings "predominantly" over 100 during service or within the one-year presumptive period following service. 38 U.S.C.A. §§ 1101(3), 1110, 1112(a)(1) (West 1991); 38 C.F.R. § 4.104, Diagnostic Code 7101 (1992); *Rabideau v. Derwinski*, 2 Vet.App. 141, 143 (1992). Appellant claims entitlement to service connection due to the single blood pressure reading of 135/98, taken in June 1946, and a diagnosis of hypertension in August 1973, allegedly indicated on a hospital admission report.

■ Pursuant to 38 U.S.C.A. § 5107(a) (West 1991), the veteran has the burden of "submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded." *Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990). A well-grounded claim is a "plausible claim, one which is meritorious on its own or capable of substantiation." *Murphy*, 1 Vet.App. at 81. Although the claim need not be conclusive, it must be accompanied by supporting evidence sufficient to justify a belief by a fair and impartial individual that the claim is plausible. *See Tirpak v. Derwinski*, 2 Vet.App. 609, 610 (1992). In this case, appellant did not submit evidence that his current diastolic blood pressure readings and those during service or within one year following service were "predominantly" over 100. Furthermore, there is an absence of evidence of any current diagnosis of hypertension. Having not asserted any plausible basis entitling him to service connection for hypertension, appellant has failed to submit a well-grounded claim under 38 U.S.C.A. § 5107(a). *See Rabideau*, 2 Vet.App. at 143–44. Thus, there was no claim to adjudicate on the merits and the BVA and the Regional Office (RO) erred in not initially denying the claim as one which was not well-grounded. *Grottveit v. Brown*, 5 Vet.App. 91, 93 (1993). The Court vacates the BVA decision, to ensure that it is not deemed a final decision, and remands the matter with directions to the BVA to vacate the RO decision below which also had adjudicated and denied the claim on the merits.

■ Lastly, the Court notes that there is no indication that the RO held a personal hearing in response to appellant's request in his August 1990 VA Form 1–9. R. at 146. Counsel for appellant did not raise, on appeal, the issue of the RO's failure to hold a hearing. The pertinent regulation, 38 C.F.R. § 20.700(a) (1992), states that a hearing on appeal will be granted if a veteran expresses his desire to appear in person. The VA violated its own regulation in this case by ignoring appellant's request to appear at a hearing. However, because a well-grounded claim was not presented here, the Court holds that any such error in the proceedings as to this claim is harmless. *See Tirpak*, 2 Vet.App. 609, 611; *Kehoskie v. Derwinski*, 2 Vet.App. 31, 34 (1991).

Summary disposition is appropriate. *See Frankel v. Derwinski*, 1 Vet.App. 23 (1990). Accordingly, the Secretary's motion for summary affirmance is DENIED, the BVA decision is VACATED, and the matter REMANDED with directions to vacate the RO decision insofar as it purported to adjudicate a final claim.