**Herbert J. BOECK, Appellant,**

**v.**

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–1417.**

United States Court of Veterans Appeals.

Sept. 20, 1993.

U.S.C.A. § 1151 (West 1991) for additional disability of the prostate as a result of treatment rendered by the Portland Veterans' Administration (now the Department of Veterans Affairs) (VA) Medical Center (MC) beginning in July 1986. The Court will vacate and remand the Board decision as to the ulcerative colitis claim, and affirm the BVA decision as to all other claims.

## BACKGROUND

Appellant, a World War II veteran, had active service from November 1933 to November 1937 and from December 1941 to December 1945. Service connection is currently in effect for irritable bowel syndrome, rated 30% disabling; residuals of a gunshot wound of the pleural cavity, rated 20% disabling; residuals of a gunshot wound of Muscle Group II on the right, rated 20% disabling; and bronchitis, residuals of malaria, and residuals of a hookworm infestation, rated noncompensably disabling. Appellant was treated on occasion during service for bowel complaints. In April 1961, appellant was examined at the Virginia Mason Clinic, a private facility, and diagnosed with old or inactive chronic ulcerative colitis. Appellant submitted a claim of service connection for ulcerative colitis in May 1961. In May 1963, appellant's claim was denied by the Board because there was no finding of ulcerative colitis upon examination in October 1961, at the Seattle VAMC. Since the May 1963 BVA decision, appellant has submitted additional clinical records, dating from 1963 through 1989, which indicate that appellant suffers from ulcerative colitis.

In July 1986, appellant was admitted to the Portland VAMC for treatment of inflammatory bowel disease. Upon examination, it was discovered that appellant's "prostate was large, firm without nodules." Although extensive laboratory work was done, it is not entirely clear whether any of the tests related to the prostate. On November 3, 1987, appellant reported to the American Lake VAMC with complaints of abdominal pain. Appellant was informed that he was scheduled for a physical examination on November 23, 1987, and that he should return at that time. The following day, November 4, 1987,

Herbert J. Boeck, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Adrienne Koerber, Washington, DC, were on the pleadings for appellee.

Before KRAMER, HOLDAWAY and IVERS, Judges.

HOLDAWAY, Judge:

Appellant, Herbert J. Boeck, appeals an February 28, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which denied service connection for a prostate disorder, post-traumatic stress disorder (PTSD), and ulcerative colitis, and denied entitlement to benefits pursuant to 38

appellant sought medical assistance from Dr. Ellis Johnson, a private physician. After further examination and treatment, Dr. Johnson diagnosed appellant with prostate cancer in mid-1988. In January 1989, Dr. Johnson submitted a statement, in which he said, "It is my professional opinion that Herbert J. Boeck was ill-served while a patient of the [VA] Hospitals considering the medical problems that existed when he became my patient on November 4, 1987 (one day after he was refused treatment at the American Lake Hospital)."

In late 1988, appellant claimed that he was suffering from PTSD as a result of World War II combat experiences. In December 1988, appellant received a psychological examination at the Portland VAMC. The examiner determined that there were no symptoms of PTSD. In March 1989, the VARO denied service connection for ulcerative colitis, a prostate disorder, and PTSD, and determined appellant's prostate cancer was not caused by the Portland VAMC's failure to perform diagnostic studies. A Notice of Disagreement was submitted on March 30, 1989. In July 1989, appellant testified at a personal hearing that he now suffers "severe residuals" from his prostate cancer resulting from the Portland VAMC's lack of treatment. Appellant also related several incidents during service which he claims are a basis for his alleged PTSD. On February 28, 1991, the BVA determined that a chronic prostate disorder was not incurred during service, that the criteria for an award of benefits under 38 U.S.C.A. § 1151 had not been met, that PTSD was not incurred in or aggravated by service, and that a new factual basis was not presented for an award of service connection for ulcerative colitis.

### ANALYSIS

■ After reviewing all the evidence, both old and new, the BVA determined that the evidence did not provide a basis for concluding that ulcerative colitis was incurred during service. *Herbert J. Boeck*, BVA 91–6511, at 9 (Feb. 28, 1991). The Board stated that "there are no sound medical principles which would demonstrate an etiological relationship between the veteran's ulcerative colitis and

his service-connected hookworm residuals with irritable bowel syndrome. Thus there is neither a primary nor secondary basis for assigning service connection for ulcerative colitis." *Id.* at 9–10. The Board did not cite to any medical evidence or medical treatises in support of its medical conclusion. The Court has held that the BVA may not supply its own unsubstantiated medical opinion. "If the medical evidence of record is insufficient, or ... of doubtful weight or credibility, the BVA is always free to supplement the record by seeking an advisory opinion, ordering a medical examination or citing recognized medical treatises in its decisions that clearly support its ultimate conclusions." *Colvin v. Derwinski*, 1 Vet.App. 171, 175 (1991); *see Thurber v. Brown*, 5 Vet.App. 119 (1993). Accordingly, the Board's denial of service connection for ulcerative colitis is vacated, and the matter remanded for readjudication.

■ The Board's determination that neither a prostate disorder nor PTSD was incurred in or aggravated by service is a finding of fact which must be reviewed by the Court under the clearly erroneous standard. *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990); *see* 38 U.S.C.A. § 7261(a)(4) (West 1991). "[U]nder the 'clearly erroneous' rule, this Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... [the Court] cannot overturn them." *Gilbert*, 1 Vet.App. at 53. There is no clinical evidence indicating a prostate condition during service or within one year of separation. The first indication of a prostate disorder was recorded in July 1986, nearly forty years after separation from service. Additionally, appellant's most recent psychological examination reveals no symptomatology of PTSD. Appellant's lay opinion that he has PTSD and that his prostate disorder was a result of his service-connected colitis are entitled to no weight. *See Espiritu v. Derwinski*, 2 Vet.App. 492, 494–95 (1992). After a complete and thorough examination of the BVA's factual findings, the Court finds a plausible basis for the Board's decision.

■ Finally, appellant contends that negligent treatment by the Portland VAMC

beginning in 1986 caused or contributed to prostate cancer. Under 38 U.S.C.A. § 1151:

> Where any veteran shall have suffered an injury, or an aggravation of an injury, as the result of hospitalization, medical or surgical treatment, ... and such injury or aggravation results in additional disability to or the death of such veteran, disability or death compensation under this chapter ... shall be awarded in the same manner as if such disability, aggravation, or death were service-connected.

A veteran claiming entitlement to VA benefits has the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded. *See* 38 U.S.C.A. § 5107(a) (West 1991); *see Tirpak v. Derwinski*, 2 Vet.App. 609, 610–11 (1992). If a claim is not well grounded, the BVA does not have jurisdiction to adjudicate that claim. *See Grottveit v. Brown*, 5 Vet.App. 91, 93 (1993). Because appellant failed to present a well-grounded claim, the Court need not reach the interesting question of whether 38 U.S.C.A. § 1151 applies in circumstances where a veteran enters a VA hospital with a non-service-connected disease, and the claim is made that the negligent failure to diagnose this disease is "aggravation" of that disease.

 The medical "treatment" appellant received at the Portland VAMC occurred approximately two years prior to Dr. Johnson's diagnosis of prostate cancer. The July 1986 examination at the Portland VAMC revealed only a firm, large prostate, with no nodules. Extensive laboratory testing was performed by the Portland VAMC at that time. Appellant has produced no clinical evidence indicating that he was suffering from prostate cancer in July 1986. There is absolutely no expert medical evidence as to the significance, if any, of having a "firm, large prostate, with no nodules." Appellant's lay testimony that he was suffering from prostate cancer in July 1986 is not sufficient. *See Espiritu*, at 494–95. Similarly, Dr. Johnson's statement, submitted in January 1989, that appellant was "ill-served" is simply too vague and speculative to infer that appellant had prostate cancer at the time of treatment at the Portland VAMC. *See Tirpak*, 2 Vet.App.

at 611. Indeed, the statement in the case sub judice is far weaker than the "may or may not" language in *Tirpak* that was held insufficient to "ground" a claim. Moreover, it does not appear that when he made this statement Dr. Johnson had access to appellant's clinical records from the Portland VAMC, or even knew what "treatment" or tests the Portland VAMC had, in fact, performed. It is as likely as not that the "ill-served" statement derived solely from appellant's version of his treatment. In short, even if believed, the statement that appellant was ill served would not support a finding (a) that he had cancer at the time of the examination or (b) that good medical practice would have disclosed it. A medical opinion that these two facts were more probable than not would be the sine qua non of a well-grounded claim in the context of this case. Therefore, since there is no well-grounded claim, the decision of whether 38 U.S.C.A. § 1151 is applicable to such a claim will have to await another day.

The February 28, 1991, decision of the Board is VACATED, and the matter REMANDED with respect to appellant's claim of service connection for ulcerative colitis. With respect to appellant's claims of service connection for a prostate disorder, and PTSD, and appellant's claim of entitlement to benefits pursuant to 38 U.S.C.A. § 1151, the decision of the Board is AFFIRMED.