Citation Nr: 1508853 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 09-20 393 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to service connection for bilateral reduction mastectomy as secondary to service-connected degenerative disc disease of the lumbar spine.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

C. Fleming, Counsel

INTRODUCTION

The Veteran served on active duty from March 1973 to May 1985.

This matter initially came before the Board of Veterans' Appeals (Board) from a November 2006 rating decision of the Department of Veterans' Affairs (VA) Regional Office (RO) in Houston, Texas, in which the RO denied the Veteran's claim. The Board remanded the case in September 2014 for further evidentiary development and adjudication, instructing the agency of original jurisdiction (AOJ) to obtain a clarifying VA medical opinion and then re-adjudicate the claim. The AOJ obtained the identified opinion in November 2014 and then provided the Veteran a supplemental statement of the case (SSOC) in December 2014, in which the AOJ again denied the Veteran's claim. Thus, there has been compliance with the Board's remand instructions. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (noting that where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance). 

The Veteran testified before the undersigned Veterans Law Judge at a hearing at the RO in August 2014. A transcript of that hearing has been associated with the Veteran's claims file.


FINDING OF FACT

The Veteran's bilateral reduction mastectomy was not caused or made worse by service-connected degenerative disc disease.


CONCLUSION OF LAW

The Veteran's bilateral reduction mastectomy was not proximately due to or the result of service-connected disability. 38 U.S.C.A. §§ 1101, 1110, 1112, 1131, 5107 (West 2014); 38 C.F.R. § 3.310 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

At the outset, the Board notes the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (2000), was enacted in November 2000. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, and 5107 (West 2014). To implement the provisions of the law, VA promulgated regulations codified at 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014). The VCAA and its implementing regulations include, upon the submission of a substantially complete application for benefits, an enhanced duty on the part of VA to notify a claimant of the information and evidence needed to substantiate a claim, as well as the duty to notify the claimant of what evidence will be obtained by whom. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b). In addition, they define the obligation of VA with respect to its duty to assist a claimant in obtaining evidence. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c).

In this case, the Board finds that all notification and development action needed to arrive at a decision has been accomplished.

In this respect, through a September 2006 notice letter, the Veteran received notice of the information and evidence needed to substantiate her claim. Thereafter, the Veteran was afforded the opportunity to respond. Hence, the Board finds that the Veteran has been afforded ample opportunity to submit information and/or evidence needed to substantiate her claim.

The Board also finds that the September 2006 notice letter satisfies the statutory and regulatory requirement that VA notify a claimant what evidence, if any, will be obtained by the claimant and which evidence, if any, will be retrieved by VA. See Quartuccio v. Principi, 16 Vet. App. 183, 187 (2002) (addressing the duties imposed by 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b)). In the letter, the RO also notified the Veteran that VA was required to make reasonable efforts to obtain medical records, employment records, or records from other Federal agencies. The RO also requested that the Veteran identify any medical providers from whom she wanted the RO to obtain and consider evidence. Proper VCAA notice must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. See Pelegrini v. Principi, 18 Vet. App. 112, 121 (2004). See also Notice and Assistance Requirements and Technical Correction, 73 Fed. Reg. 23,353 (Apr. 30, 2008) (codified at 38 C.F.R. § 3.159) (removing the prior requirement that VA specifically ask the claimant to provide any pertinent evidence in his possession). These requirements were met by the aforementioned September 2006 letter. Further, the Veteran was later provided notice regarding an award of an effective date and rating criteria. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006), aff'd, Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007).

Nothing about the evidence or any response to the RO's notification suggests that the case must be re-adjudicated ab initio to satisfy the requirements of the VCAA.

The Board also points out that there is no indication that any additional action is needed to comply with the duty to assist in connection with the claim on appeal. To that end, the Veteran's service treatment records, as well as post-service treatment records from private and VA treatment providers, have been obtained and associated with the Veteran's claims file. The Veteran also underwent VA examination concerning her service connection claims in November 2006 and February 2013, with an addendum opinion added in November 2014. Reports of these examinations are of record. To that end, when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Here, the Board finds that the VA examinations and opinions obtained in this case are collectively adequate, as they are predicated on full physical examination as well as consideration of the medical records in the claims file and the Veteran's reported history. The examinations considered all of the pertinent evidence of record, to include statements given by the Veteran, and provide explanations for the opinions stated. Accordingly, the Board finds that VA's duty to assist with respect to obtaining a VA examination or opinion has been met. 38 C.F.R. § 3.159(c)(4). Additionally, the Veteran and her representative have both submitted written argument, and the Veteran testified before the undersigned Veterans Law Judge at a hearing at the RO in August 2014. Otherwise, neither the Veteran nor her representative has alleged that there are any outstanding records probative of the claim on appeal that need to be obtained.

Under these circumstances, the Board finds that VA has complied with all duties to notify and assist required under 38 U.S.C.A. § 5103A and 38 C.F.R. § 3.159.

II. Analysis

In her initial claim for VA benefits and on multiple occasions thereafter, including at her August 2014 hearing, the Veteran indicated that she believed her bilateral reduction mastectomy developed secondary to degenerative disc disease of the lumbar spine. The Board will thus address the claim for service connection for bilateral reduction mastectomy on a secondary basis.

Service connection may be granted for a disability that is proximately due to or the result of an established service-connected disorder. 38 C.F.R. § 3.310 (2014). This includes a disability made chronically worse by service-connected disability. Allen v. Brown, 7 Vet. App. 439 (1995).

Relevant medical evidence consists of the Veteran's service treatment records, as well as her post-service treatment at both private and VA facilities. The Veteran's service records are silent as to any complaints of problems relating to breast size or any other issues necessitating a mastectomy, although the records reflect multiple complaints of low back pain. Following service, the Veteran was seen in August 1996 by private physicians for complaints of chronic upper back pain and muscle spasm. At that time, a breast reduction was recommended, but no indication is present that the recommendation was made due to the Veteran's lumbar degenerative disc disease. Records of the Veteran's post-service treatment with VA providers reflect that she underwent bilateral reduction mastectomy in March 2001 to treat "bilateral symptomatic macromastia." The physician who conducted the surgery noted that the Veteran had a "history of back pain which has not been relieved despite her physical therapy and nonsteroidals." 

Report of the November 2006 VA medical examination reflects that the examiner noted the Veteran's bilateral reduction mastectomy, which he stated had been conducted "secondary to chronic neck and upper back strain" that had existed since 1999. When asked if the mastectomy was etiologically related to the Veteran's degenerative disc disease of the lumbar spine, the examiner replied that he was unable to answer the question without resorting to speculation. In so finding, the examiner stated that he had not been asked to evaluate the Veteran's spine and had not obtained any history concerning her back problems. The examiner further noted that the Veteran herself reported at the examination that "she had the surgery in order to treat her neck and upper back pain." The examiner further speculated that if the Veteran's "record supports a reduction mastectomy being recommended as treatment, then the mastectomy is clearly related to the back pain."

The Veteran was provided additional VA examination in February 2013, with an addendum opinion added in November 2014. At the February 2013 examination, the examiner reviewed all the medical evidence of record and concluded that the Veteran's bilateral breast reduction surgery was not caused or aggravated by her service-connected degenerative disc disease, noting that degenerative disc disease is most likely a result of the aging process. In his November 2014 addendum opinion, the examiner clarified that it was less likely than not that the Veteran's bilateral reduction mastectomy had been caused or aggravated by her service-connected degenerative disc disease of the lumbar spine. In so finding, the examiner stated that large breasts "can cause upper back and neck discomfort," but this effect "is muscular only. Large breast has no physiological effect on the cervical or lumbar spine disc components," including neither causation nor aggravation. The examiner reiterated that disc degeneration is most frequently "due to ageing." 

The Veteran has submitted multiple statements in support of her claim and has testified before the undersigned Veterans Law Judge. On each of those occasions, including at her August 2014 hearing, the Veteran has contended that she believes her breast size, which necessitated the bilateral reduction mastectomy, caused or aggravated her service-connected degenerative disc disease of the lumbar spine and that her low back pain has been lessened following the March 2001 surgery.

Upon consideration of the above evidence, the Board finds that the preponderance of the evidence is against the Veteran's claim for service connection for bilateral reduction mastectomy on a secondary basis. The Board finds that the greater weight of the medical evidence is against a finding of a link between the Veteran's bilateral reduction mastectomy and her service-connected degenerative disc disease of the lumbar spine.

Because the question of whether a disability such as bilateral reduction mastectomy is related to another disorder such as degenerative disc disease is a medical question requiring expertise, the Board relies upon the VA examiner's opinions as set forth in February 2013 and November 2014. The examination reports reflect that the examiner reviewed the Veteran's claims file and understood the medical questions asked by the originating agency. Additionally, the VA examiners offered rationales for their opinions that the Veteran's bilateral reduction mastectomy was not likely related to service-connected degenerative disc disease, relying on the medical records and their medical expertise. Specifically, in his February 2013 opinion, the VA examiner noted that the most likely cause of degenerative disc disease is the aging process, not breast size. In addition, in his November 2014 addendum opinion, the examiner specifically found there to be no etiological relationship-neither causation nor aggravation-between the Veteran's bilateral reduction mastectomy and her degenerative disc disease, explaining that the type of pain caused by breast size to warrant a mastectomy is located in the neck and upper back, not the low back, and is muscular in nature only, with no effect on disc components of the spine.

Furthermore, the Board finds persuasive the absence of medical evidence to support a finding of a nexus between the Veteran's service-connected degenerative disc disease and her bilateral reduction mastectomy. In so finding, the Board notes that the November 2006 VA examination contains speculation regarding the etiology of the Veteran's bilateral reduction mastectomy, consisting of a statement that "if [the Veteran] has service-connected back conditions, and her record supports a reduction mastectomy being recommended as treatment, then the mastectomy is clearly related to the back pain." However, the examiner further stated that he was unable to opine as to the etiology of the mastectomy without resorting to speculation, as he had not reviewed the specific medical history regarding the Veteran's back problems. Although the Veteran has contended that she currently suffers from bilateral reduction mastectomy that resulted from, or was aggravated by, her service-connected degenerative disc disease of the lumbar spine, the November 2006 VA examiner's opinion concludes that it would be only speculation to find that an etiological relationship existed between her bilateral reduction mastectomy and degenerative disc disease of the lumbar spine. The November 2014 examiner offers further explanation that the pain resulting from large breasts and necessitating a bilateral reduction mastectomy is muscular in nature, and that breast size has no effect on disc disease such as that experienced by the Veteran. The Board thus finds that the November 2006 VA examiner's statements regarding a possible relationship between the Veteran's bilateral reduction mastectomy and her service-connected degenerative disc disease are of less evidentiary weight.

In so finding, the Board notes that service connection may not be based on speculation or remote possibility. See 38 C.F.R. § 3.102; Obert v. Brown, 5 Vet. App. 30, 33 (1993); Tirpak v. Derwinski, 2 Vet. App. 609, 611 (1992); see also Davis v. West, 13 Vet. App. 178, 185 (1999); Bostain v. West, 11 Vet. App. 124, 127-28 (1998); Beausoleil v. Brown, 8 Vet. App. 459, 463 (1996). In this case, the November 2006 VA examiner found that he could not link the Veteran's bilateral reduction mastectomy to her service-connected degenerative disc disease without resorting to speculation. Therefore, this medical opinion does not have the required degree of medical certainty for an award of service connection. The strongest evidence in favor of the Veteran's claim is the speculative statement from the November 2006 VA examiner that, if the Veteran's record contained indications that the mastectomy was recommended as treatment for degenerative disc disease, then the mastectomy would be related to the back disorder. This evidence is outweighed by the conclusions offered by the examiner who conducted the February 2013 VA examination and offered the November 2014 addendum opinion. In those opinions, the examiner noted that he had reviewed the Veteran's entire claims file, including records concerning her service-connected degenerative disc disease, and concluded that her bilateral reduction mastectomy was not caused or aggravated by her service-connected back disorder. 

The Board has considered the Veteran's contentions that her bilateral reduction mastectomy was necessitated due, at least in part, to her service-connected degenerative disc disease of the lumbar spine. However, as a layperson, the Veteran has no competence to give a medical opinion on a complex question of etiology such as whether her symptoms of degenerative disc disease either caused or worsened the condition that led to her bilateral reduction mastectomy. Thus, although the Veteran is competent to report symptoms observable to a layperson, such as pain, a diagnosis that is later confirmed by clinical findings, or a contemporary diagnosis, she is not competent to independently opine as to the specific etiology of a condition such as bilateral reduction mastectomy. See Davidson v. Shinseki, 581 F.3d 1313 (2009). Consequently, lay assertions of medical diagnosis or etiology cannot constitute evidence upon which to grant the claim for service connection in this case. Lathan v. Brown, 7 Vet. App. 359, 365 (1995). In addition, while the Veteran is competent to report the symptoms she experienced, her assertions and reported history were considered by the VA examiner who provided the opinions that her bilateral reduction mastectomy was not caused or aggravated by her service-connected degenerative disc disease. Thus, the Veteran's own assertions as to the etiology of her bilateral reduction mastectomy have little probative value.

In reaching its conclusions, the Board has considered the applicability of the benefit-of-the-doubt doctrine; however, as the preponderance of the evidence is against the Veteran's claim of secondary service connection for bilateral reduction mastectomy, that doctrine is not helpful to the claimant. See 38 U.S.C.A § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).



ORDER

Entitlement to service connection for bilateral reduction mastectomy is denied.



____________________________________________
J. A. MARKEY
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs