Robert E. **WARREN,** Appellant,

v.

Jesse **BROWN,** Secretary of Veterans Affairs, Appellee.

No. 93–25.

United States Court of Veterans Appeals.

Sept. 1, 1993.

Robert E. Warren, pro se.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, R. Randall Campbell, Deputy Asst. Gen. Counsel, and Susan A. Wuchinich were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and HOLDAWAY, Judges.

KRAMER, Judge:

Appellant, Robert E. Warren, appeals a December 14, 1992, decision of the Board of Veterans' Appeals (BVA) which refused, on the basis that new and material evidence was not submitted, to reopen appellant's claim for entitlement to service connection for a psychiatric disorder. The Court has jurisdiction under 38 U.S.C.A. § 7252(a) (West 1991).

Appellant served on active duty from February 1961 to January 1964. R. at 16. While in service, in November 1961, appellant was diagnosed with "[a]ntisocial personality, chronic." R. at 109. On November 8, 1967, appellant was admitted to what appears to be Ionia State Hospital (hospital). R. at 11, 22. A "provisional diagnosis [of] [s]ociopathic personality" was contained in a May 20, 1968, hospital report. R. at 22. A subsequent "Summary of Hospitalization," dated July 24, 1972, apparently also from the hospital (R. at 11), indicated that appellant had been diagnosed, apparently by the hospital in 1971, with "schizophrenia, paranoid type." R. at 11, 22.

■ As a prerequisite to establishing service connection for a mental disorder, the condition must be recognized by or analogous to, *see* 38 C.F.R. § 4.20 (1992), those conditions listed in 38 C.F.R. § 4.132 (1992) (listed condition) and must have been incurred or aggravated in service, 38 U.S.C.A. § 1110 (West 1991), or must be a psychosis which became manifest within one year from the date of separation from service to a 10% degree of disability. 38 U.S.C.A. § 1112(a)(1) (West 1991); 38 C.F.R. §§ 3.307, 3.309(a) (1992). Personality disorders, in the absence of any "properly diagnosed superimposed psychiatric disorders," are not eligible for service connection. 38 C.F.R. § 4.127 (1992).

■ Additionally, to reopen a claim, a claimant must submit new and material evidence. 38 U.S.C.A. § 5108 (West 1991). "New" evidence is "evidence which is not ... merely cumulative of other evidence on the record." *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). "Material" evidence is evidence that "is relevant and probative of the issue at hand." *Id.* Further, to be new and material, evidence must, when taken together with all the evidence of record, create a reasonable possibility that the outcome would

be changed. *Id.; see Manio v. Derwinski,* 1 Vet.App. 140 (1991). Appellant attempted to reopen his claim by submitting a service medical record of his November 1961 diagnosis of anti-social personality previously of record (R. at 238–39, 244–45, 263–64, 332–33, 383–84, 419–20, 430–31, 438–39), private childhood medical records (R. at 272–89, 297–313, 338–54, 444–60), a "religious book" that he had written (R. at 472–570), and a number of statements from appellant including one which said that "[Dr. Reid] stated that [my in-service anti-social personality diagnosis] ... *could* have been caused by a psychosis" (R. at 241) (emphasis added).

 As the service medical record was already of record (R. at 109), it is cumulative and thus not new. The private childhood medical records and religious book are new, but they are not relevant or probative as to whether a listed condition was incurred or aggravated in service, or whether a psychosis became manifest within one year from the date of separation from service to a 10% degree of disability. Many of appellant's statements are cumulative with statements already of record, and thus are not new. To the extent that they may be new, they are not relevant and probative, and thus not material, as to whether any listed condition was incurred or aggravated in service or a psychosis was present within one year after separation, in that lay statements are not sufficient to support a diagnosis requiring expert opinion. *See Espiritu v. Derwinski,* 2 Vet.App. 492, 495 (1992); *see also Moray v. Brown,* 5 Vet.App. 211 (1993). Likewise, any statement of appellant as to what a doctor told him is also insufficient to establish a medical diagnosis. *See Espiritu,* 2 Vet.App. at 495. While such a statement may trigger the Department of Veterans Affairs' duty to assist to contact a physician in an appropriate case, *see Ivey v. Derwinski,* 2 Vet.App. 320 (1992); *White v. Derwinski,* 1 Vet.App. 519 (1991), certainly here, where the doctor's statement is framed in terms such as "could have been," no such duty existed. *See Tirpak v. Derwinski,* 2 Vet.App. 609, 611 (1992) (doctor's opinion expressed in terms of "may or may not" is not a sufficient basis for a well-grounded claim). Even if Dr. Reid's own statement, as related by appellant, had

been of record, such a statement expressed only in terms such as "could have been" would not create a reasonable possibility that the outcome would be changed. *Id; see also Gilbert v. Derwinski,* 1 Vet.App. 49, 54 (1990) (the veteran will not be entitled to the benefit of the doubt unless the evidence is at least in equipoise).

Upon consideration of the record and the filings of the parties, the Court holds that appellant has not demonstrated that the BVA committed either factual or legal error which would warrant reversal or remand. *See Gilbert, supra.*

The decision of the BVA is AFFIRMED.