Alvis E. LEE, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 96–344.

United States Court of Veterans Appeals.

June 27, 1997.

Alvis E. Lee, pro se.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; David W. Engel, Deputy Assistant General Counsel; and Carolyn F. Washington, Washington, DC, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and HOLDAWAY, Judges.

NEBEKER, Chief Judge:

The appellant, Alvis E. Lee, appeals from a February 8, 1996, Board of Veterans' Appeals (BVA or Board) decision which denied reopening of his claims for service connection for an acquired psychiatric disorder and heart disease. After considering the record on appeal and the briefs of the parties, the Court will affirm the decision of the Board on the issue of an acquired psychiatric disorder and vacate the decision and remand the claim as to service connection for heart disease because the appellant has submitted new and material evidence to reopen this claim.

## I. FACTS

Mr. Lee had active military service from January 3, 1951, to November 29, 1952. Record (R.) at 16. His service medical records are lost and presumed destroyed by the 1973 fire at the National Personnel Records Center. R. at 116. He was hospitalized in 1978 for complaints of anxiety due to work and other pressures. The report noted that he had no prior hospitalizations. R. at 18. The discharge diagnosis was chronic, mild anxiety neurosis. *Ibid.* The record shows he was treated for similar complaints, as well as complaints of chest pains, in 1982. R. at 27–28. In March 1985, the appellant was diag-

nosed with "probable" ischemic heart disease. R. at 36–38. In May 1985, he was diagnosed with "probable" arteriosclerotic heart disease. R. at 43–51.

On May 3, 1988, the BVA rendered a decision on, inter alia, entitlement to service connection for a psychiatric disorder and heart disease. R. at 115–22. In denying these claims, the Board stated that there was no contemporaneous medical evidence linking the appellant's psychiatric disorder to his period of military service. R. at 116. Likewise, the Board stated that the appellant's heart disease did not manifest itself until almost thirty years after service and there was no evidence which linked this condition to the appellant's military service. Ibid. The decision was affirmed on reconsideration. R. at 134–41.

In his first attempt to reopen, the appellant submitted sick bay reports from 1951, an affidavit from his ex-wife who recalled the appellant's having been treated in 1953 for a heart condition by a Dr. Short, and another doctor's statement that the appellant suffered from heart disease. R. at 123–24, 127–31, 143–45. The regional office (RO) denied the claim to reopen. R. at 151.

The appellant continued to submit evidence. In a May 1990 letter, Dr. Short stated that he had treated Mr. Lee for an upper respiratory infection in 1953, and at that time noted that the appellant had a history of rheumatic heart disease. R. at 157. In March 1991, the RO found Dr. Short's letter deficient because it failed to show treatment for heart disease during or within the presumptive period after service, and refused to reopen the claim. R. at 164. Mr. Lee filed a Notice of Disagreement on November 12, 1991. R. at 166.

The appellant testified at a February 3, 1992, hearing before the RO. He stated that he was in perfect health before entering service, that he contracted rheumatic fever in Germany during service, and that he recalled experiencing an irregular heartbeat and shortness of breath after this illness. R. at 191–205. A duplicate of the affidavit from the appellant's ex-wife was submitted to the RO. R. at 186–88. At the hearing, the appellant submitted a letter from another physi-

cian, Dr. Campbell, who rendered diagnoses based on records back to 1978, on his own examination, and on medical history as related by the appellant. Dr. Campbell's diagnoses were:

1) Marked chronic anxiety neurosis with multiple psychophysiological manifestations—controlled well with minor tranquilizers—could be related to psychic trauma occurring in Korean War in 1951; ·

2) Coronary vasospasm and/or sclerosis—controlled with cardizem;

3) Valvular, probably aortic stenosis, disease could be related to rheumatic fever of 1951.

R. at 182. While acknowledging the absence of records which might conclusively establish the etiology of these conditions, Dr. Campbell opined that the conditions "could well have their etiology in the [Korean] conflict as alleged in 1951." R. at 183. The RO denied the claim to reopen. R. at 233; Supplemental R. at 8. After one remand on an unrelated issue, the BVA denied the appellant's claim to reopen, and this appeal followed.

## II. ANALYSIS

■ Whether evidence is "new and material" so as to warrant reopening a previously denied claim is a conclusion of law and is subject to de novo review by this Court. West v. Brown, 7 Vet.App. 70 (1994) (en banc); White v. Brown, 6 Vet.App. 247 (1994). The Board is required first to decide whether the evidence submitted since the last final disallowance is "new and material," and if so, then to review this evidence in the context of all the existing evidence to determine if the prior decision should be altered. Manio v. Derwinski, 1 Vet.App. 140 (1991); see Colvin v. Derwinski, 1 Vet.App. 171 (1991). Evidence is "material" where it is relative and probative of the issue at hand and where there is a reasonable possibility that, when viewed in the context of all the evidence, it would change the outcome. Blackburn v. Brown, 8 Vet.App. 97 (1995); Cox v. Brown, 5 Vet.App. 95 (1993). The evidence submitted since the 1988 BVA denial on the merits consists of the appellant's personal hearing testimony, an affidavit from his ex-wife, daily sick reports from the appel-

lant's military service, one lay (Kerry Clifton) and one medical (Dr. Dillon) affidavit concerning the appellant's condition, as well as the letters of Drs. Short and Campbell.

The affidavit from the appellant's ex-wife, stating that after service the appellant's health and behavior worsened, was cumulative of evidence already of record and is not "new." The appellant's 1992 hearing testimony reiterated testimony and arguments previously of record and is not "new." The affidavit from Kerry Clifton is not "material," as it cannot provide the required medical nexus between any current psychiatric illness and medical service. *Moray v. Brown*, 5 Vet.App. 211, 214 (1993); *Espiritu v. Derwinski*, 2 Vet.App. 492, 494 (1992). Dr. Dillon's statement is not "material" because it only reports the appellant's current condition, which is not in dispute. The in-service daily sick reports, while new, do not provide any evidence as to the nature of the illness or treatment received and are therefore not "material."

However, the letters from Drs. Short and Campbell, taken together, are both new and material. Dr. Short's statement establishes that on November 14, 1953, within one year after service, the appellant reported a history of rheumatic heart disease. Dr. Campbell reviewed all of the available information and concluded that the appellant's conditions could well be related to his period of active service. Both the Secretary and the Board maintain that this statement does not constitute "material" evidence because it is couched in terms of possibilities and therefore does not provide the medical evidence of nexus so as to create a reasonable possibility of a changed outcome.

The Court has previously held that statements from doctors which are inconclusive as to the origin of a disease cannot fulfill the nexus requirement to ground a claim. *Warren v. Brown*, 6 Vet.App. 4, 6 (1993); *Tirpak v. Derwinski*, 2 Vet.App. 609, 611 (1992). Contrary to the position of the Secretary and the Board, however, use of cautious language does not always express inconclusiveness in a doctor's opinion on etiology, and such language is not always too speculative for purposes of finding a claim well grounded. *Cf. Watai v. Brown*, 9 Vet. App. 441 (1996). It follows then, that an etiological opinion should be viewed in its full context, and not characterized solely by the medical professional's choice of words.

The Court holds that the statement of Dr. Campbell, when read in context with all the evidence, is material as to the question whether the appellant's heart disease had its origin in his rheumatic fever, which according to Dr. Short's statement was recorded by 1953, within the one-year qualifying presumptive period. *See* 38 U.S.C. §§ 1101, 1112. Therefore, the appellant presented new and material evidence on his claim for service connection for heart disease and the Board erred in not reopening this claim.

The appellant's current psychiatric condition, however, has no competent medical evidentiary support in the record tending to show that this condition manifested itself during service or the presumptive period after service. Thus, Dr. Campbell's opinion suggests that, because the appellant served during the Korean Conflict, his condition could well be related to psychic trauma during his service. Without more evidentiary support, however, this statement does not present a reasonable possibility of a changed outcome on this issue.

For the purposes of adjudication on remand, the record reveals that the appellant has presented evidence, given the presumption of soundness prior to service and Dr. Short's statement that in 1953 the appellant had a history of rheumatic heart disease, that this condition was incurred during service. If so, Dr. Campbell's opinion that Mr. Lee's heart condition could well have its origin in this condition, should be further explored and developed. The Board and the Secretary have both stated that there is no contemporaneous medical evidence. This is not surprising in light of the fact that the appellant's records were destroyed; however, such an unfortunate event cannot be viewed as a claimant's failure of proof. Drs. Short and Campbell have supplied new and material evidence which makes a different outcome a reasonable possibility.

As a final note, the appellant appears to have raised an informal claim for service connection for hearing loss. He first notified the RO of this claim in his November 1991 Notice of Disagreement. R. at 166. The RO notified the appellant in the December 1991 Statement of the Case that he had not formally filed such a claim and he should submit evidence in support of the claim if he wished to proceed. R. at 175. The record reveals that the appellant testified regarding his hearing loss and that Dr. Campbell referred to this condition as well. R. at 182, 196–200. While the record is unclear as to the status of this issue, it would appear that the claim is still pending before the RO.

### III. CONCLUSION

Accordingly, the February 8, 1996, BVA decision in this case is AFFIRMED as to the claim for an acquired psychiatric disability. The decision regarding service connection for heart disease is VACATED and the claim REMANDED to the Board for an adjudication consistent with this opinion. On remand, the Board shall reopen the claim for service connection for heart disease and render a decision based on all available evidence. The appellant is free to submit additional evidence in support of his claim. *Quarles v. Derwinski,* 3 Vet.App. 129, 141 (1992).