Citation Nr: 1761226 
Decision Date: 12/29/17 Archive Date: 01/02/18

DOCKET NO. 03-32 275 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUE

Entitlement to service connection for a right testicle epididymal cyst, claimed as secondary to service-connected skin disability and exposure to herbicides. 


REPRESENTATION

Veteran represented by: Barbara J. Cook, Attorney


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

B. G. LeMoine, Associate Attorney


INTRODUCTION

The Veteran served on active duty from November 1965 to November 1967.

This matter comes before the Board of Veterans' Appeals (Board) on appeal of an August 2002 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio.

In December 2004, the Veteran testified during a video conference hearing before the undersigned Veterans Law Judge. A transcript of the hearing is associated with the claims file.

This case was previously remanded by the Board in December 2012, February 2017 and August 2017. A review of the claims file shows that there has been substantial compliance with the Board's remand directives. See Stegall v. West, 11 Vet. App. 268 (1998). The case has been returned to the Board for review.


FINDINGS OF FACT

1. The most probative evidence of record does not demonstrate that it is at least as likely as not that the Veteran has a right testicle epididymal cyst etiologically related to an in-service injury, event or disease, to include exposure to herbicide agents. 

2. The most probative evidence of record does not demonstrate that it is at least as likely as not that the Veteran has a right testicle epididymal cyst proximately due to, or chronically aggravated by, his service-connected skin disability. 



CONCLUSION OF LAW

The criteria for entitlement to service connection for a right testicle epididymal cyst, claimed as secondary to service-connected skin disability and exposure to herbicides, have not been met. 38 U.S.C. §§ 1101, 1110, 5103, 5103A, 5107 (b) (2012); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.307, 3.309, 3.310 (2017). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

VA's Duty to Notify and Assist

With respect to the Veteran's claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (2012); 38 C.F.R. §§ 3.102, 3.156 (a), 3.159, 3.326 (2017); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

Analysis

The Veteran contends that he had a right testicle epididymal cyst, which needed to be removed, that is related to his active military service, to include as due to herbicide agents. Specifically, the Veteran contends that his right testicle epididymal cyst was due to his exposure to herbicides during service in Vietnam. In the alternative, the Veteran contends that his right testicle epididymal cyst is due to radiation treatment he received to treat his service-connected skin disability. See, Correspondence received May 2005. 

To establish service connection for a disability on a direct-incurrence basis, the Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F. 3d 1163, 1167 (Fed. Cir. 2004). See also 38 C.F.R. § 3.303. 

The evidence of record shows that the Veteran was diagnosed with a right testicle epididymal cyst in December 1995 and that he had a right radical orchiectomy in March 1997. See, Private Medical Treatment records received December 2001. Therefore, there is evidence of a current disability.

The probative evidence of record shows that it is at least as likely as not that the Veteran had service in the Republic of Vietnam during the Vietnam Era; therefore he is presumed to have been exposed to herbicide agents during active service. However, an epididymal cyst is not listed as a disease warranting presumptive service connection based on in-service herbicide exposure under 38 C.F.R. § 3.309 (e). As the Veteran's epididymal cyst is not included in the list of diseases for which presumptive service connection may be awarded on the basis of herbicide exposure, entitlement to service connection for a right testicle epididymal cyst on a presumptive basis as due to in-service exposure to herbicide agents is not warranted. 

Even though service connection on a presumptive basis is not warranted, the Veteran is not precluded from establishing service connection with proof of actual causation. Combee v. Brown, 34 F. 3d 1039 (Fed. Cir. 1994), 38 U.S.C. §§ 1113 (b), 1116 (2012); 38 C.F.R. § 3.303 (2017). In this case, however, the competent evidence of record fails to demonstrate that the Veteran's right testicle epididymal cyst had its onset in service or is otherwise etiologically related to service.

In determining whether the record reflects that the Veteran's right testicle epididymal cyst is related to his active service, to include exposure to herbicide agents, the Board acknowledges the Veteran's belief that there is such a causal connection. The Board notes that the Veteran is competent to report the onset and continuity of symptoms such as pain, rashes or itching. See Layno v. Brown, 6 Vet. App. 465, 469 (1994). In addition, the Board does not question his credibility in his assertions that he first experienced itching and rashes in service. However, the Board further notes that symptoms such as itching and rashes do not, in and of themselves, constitute a disability for which service connection may be granted. See, e.g., Sanchez-Benetiz v. West, 13 Vet. App. 282, 285 (1999) (pain alone, without a diagnosed or identifiable underlying malady or condition, does not in and of itself constitute a disability for which service connection may be granted). Therefore, at issue in this case is not whether the Veteran's itching and rashes are related to his in-service injuries, to include in-service exposure to herbicide agents, but rather whether the diagnosed right testicle epididymal cyst is related to his active service. The Veteran is not considered competent to medically attribute his right testicle epididymal cyst and radical orchiectomy to a specific cause, as doing so requires medical knowledge and expertise that the Veteran has not been shown to possess. See Kahana v. Shinseki, 24 Vet. App. 428 (2011); Jandreau v. Nicholson, 492 F. 3d 1372, 1376-77 (Fed. Cir. 2007). Therefore, his statements do not constitute competent evidence that may be probative in showing an etiological relationship between his in-service exposure to herbicide agents and his right testicle epididymal cyst and radical orchiectomy. To determine whether such a relationship exists, the Board turns to the competent medical evidence of record.

With respect to a nexus between the right testicle epididymal cyst and service, to include in-service exposure to herbicide agents, the Board notes that the record contains conflicting medical opinions. The United States Court of Appeals for Veterans Claims has stated that the probative value of a medical opinion is based on the expert's personal examination of the patient, the physician's knowledge and skill in analyzing the data, and the medical conclusion that the physician reaches. Further, the credibility and weight to be attached to these opinions are within the province of the adjudicator. See Guerrieri v. Brown, 4 Vet. App. 467, 470-71 (1993). As such, the Board may appropriately favor the opinion of one competent medical authority over another. See Owens v. Brown, 7 Vet. App. 429, 433 (1995); Wensch v. Principi, 15 Vet. App. 362, 367 (2001). 

In favor of a finding of a nexus is a May 2005 letter from the Veteran's private doctor, Dr. D. M. Dr. D. M noted that the Veteran served in Vietnam and was exposed to many chemicals. She further noted that, during service, the Veteran developed chronic scrotal and anal itching, secondary to contact dermatitis. Dr. D. M. further noted that the Veteran has continued to have these symptoms and has received multiple treatments. Dr. D. M. opined that the Veteran's "symptoms are most likely related to the chemical exposures he received during his time of service." Dr. D. M did not provide a rationale for the opinion provided. Additionally, Dr. D. M.'s opinion relates to the Veteran's chronic scrotal and anal itching, not his diagnosed right testicle epididymal cyst or right radical orchiectomy. Dr. D. M. did not provide an opinion relating to whether the Veteran's right testicle epididymal cyst or right radical orchiectomy were related to service, to include his in-service exposure to herbicide agents, or reported chronic scrotal and anal itching. As such, the Board affords Dr. D. M.'s opinion no probative weight. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). 

Against a finding of a nexus is the March 2017 VA examination. The March 2017 VA examiner reviewed the record, interviewed the Veteran and conducted an in-person examination. The VA examiner noted that the Veteran had a right orchiectomy in the 1990's because the right testicle was possibly cancerous. The March 2017 VA examiner opined that the Veteran's right epididymal cyst is less likely than not the result of service, to include Agent Orange exposure in Vietnam. As rationale, the VA examiner stated that the Veteran's epididymal cyst was diagnosed several decades after service and there is no literature to support the conclusion that an epididymal cyst is related to herbicide agent exposure. 

The Board finds that the March 2017 VA examiner's opinion is due the most probative value, as the examiner reviewed the record, reviewed the relevant medical literature, the opinion is consistent with the other evidence of record and the opinion was based on the examiner's knowledge and expertise. See Nieves-Rodriguez, 22 Vet. App. at 295 (the probative value of a medical opinion is derived from a factually accurate, fully articulated, and soundly reasoned opinion); Prejean v. West, 13 Vet. App. 444, 448-9 (2000) (the thoroughness and detail of a medical opinion is a factor in assessing the probative value of the opinion). The Board therefore accepts the examiner's opinion as probative evidence that it is not as least as likely as not that the Veteran's right testicle epididymal cyst is caused by or otherwise etiologically related to his active service, to include his presumed exposure to herbicide agents. 

The Board has also considered whether the Veteran's right testicle epididymal cyst is secondary to his service-connected skin disability. 

A disability which is proximately due to, or chronically aggravated by, a service-connected disease or injury shall be service connected. When service connection is thus established for a secondary condition, the secondary condition shall be considered a part of the original condition. 38 C.F.R. § 3.310 (a).

In favor of a finding of a nexus is an October 2005 letter from the Veteran's private doctor, Dr. R. P. Dr. R. P. noted that the Veteran has experienced dermatitis on his scrotum for several years, which began while he was stationed in Vietnam. Dr. R. P. further noted that the Veteran received radiation therapy to his chronic dermatitis on his right testicle. Dr. R. P. opined that the radiation treatment the Veteran received in the late 1960's has a "potential for radiation dermatitis component causing some of his symptomatology at the present time." Dr. R. P. did not provide additional rationale.

A second opinion in favor of a nexus is a letter from the Veteran's private doctor, Dr. J. E., received in May 2010. Dr. J. E. noted that the Veteran had an abnormal ultrasound in December 1995 and a second ultrasound in January 1997. Dr. J. E. noted that the treating physician was concerned about changes noted between the two ultrasounds. Dr. J. E. opined that the "history of radiation would have likely played a role in the decision making to proceed with a radical orchiectomy." As rationale, Dr. J. E. stated that it is reasonable to conclude that radiation exposure impacted the Veteran's decision to have his right testicle removed when a mass in the area was noted to have changed by ultrasound. 

A letter dated April 2014, by Dr. D. M., states that she has been the Veteran's primary care provided since 2003. Dr. D. M. stated that she reviewed documents provided to her by the Veteran. Dr. D. M. opined that the radiation treatment the Veteran received increased his risk for malignancy to the testicle and that this concern contributed to the removal of the Veteran's right testicle. 

Against a finding of a nexus is the March 2017 VA examination. The March 2017 VA examiner reviewed the record, interviewed the Veteran and conducted an in-person examination. The VA examiner opined that the Veteran's epididymal cyst was less likely than not proximately caused or aggravated by his service-connected skin disability. As rationale, the March 2017 VA examiner noted that the Veteran's Grenz ray therapy for atopic dermatitis has a 1/2 mm of tissue penetration and as such would less likely than not penetrate to a level of causing an epididymal cyst. Additionally, the VA examiner stated that the United States Nuclear Regulatory Commission notes that the association between radiation exposure and cancer are mostly based on populations exposed to relatively high levels of ionizing radiation. The VA examiner further noted that those cancers that may develop as a result of radiation exposure are indistinguishable from those that occur naturally.

Of the competent medical opinion evidence of record, the Board affords the March 2017 VA examiner's opinion the most probative weight. The VA examiner reviewed the record and conducted an in-person examination. The VA examiner was fully informed of the pertinent factual premises of the case. In addition, the VA examiner provided a fully articulated opinion supported by thorough explanation of complex medical principles relating to radiation exposure. The examiner's opinion is consistent with the other evidence of record, to include the reports of medical examination and reports of medical history and provides a well-reasoned analysis explaining the examiner's opinion that it is less likely that the Veteran's right testicle epididymal cyst is caused by, proximately due to, or aggravated by the service-connected skin disability. Therefore, the Board finds that the VA examiner's negative nexus opinion is due great probative value. See Nieves-Rodriguez, 22 Vet. App. at 295. 

In making this finding, the Board affords relatively less probative value to the other competent evidence of record. In particular, the Board affords less probative value to Dr. R. P.'s, Dr. J. E.'s and Dr. D. M's positive nexus opinions. These opinions are speculative and unsupported by further rationale. Specifically, Dr. R. P.'s opinion that the radiation treatment the Veteran received in the late 1960's has the "potential" to cause some of the veteran's current symptomatology is speculative and general in nature, utilizing the word "potential." See Warren v. Brown, 6 Vet. App. 4, 6 (1993) (a physician's statement framed in terms such as "may" or "could" is not probative). Additionally, Dr. R. P. did not provide an adequate opinion as to whether the Veteran's service-connected skin disability and radiation treatment caused or aggravated his right testicle epididymal cyst. Similarly, Dr. J. E. did not provide an opinion as to whether the Veteran's service-connected skin disability and radiation treatment caused or aggravated his right testicle epididymal cyst. Dr. J. E. merely opined that the radiation treatment "likely played a role" in the Veteran's decision to have a right radical orchiectomy. Dr. D. M. provided a similar opinion. Dr. D. M. merely stated that the radiation treatment the Veteran received increased his risk for malignancy to the testicle and this concern contributed to the removal of the Veteran's right testicle. Dr. D. M did not provide an opinion as to whether the Veteran's right testicle epididymal cyst was caused or aggravated by his radiation treatment. The rationales provided by Dr. J. E. and Dr. D. M. to support their opinions are speculative as to the reasoning behind the Veteran's decision to have a right radical orchiectomy. Furthermore, none of the positive nexus opinions specifically state that the Veteran's radiation treatment caused or aggravated his right testicle epididymal cyst. Accordingly, the Board finds that the private physician opinions are due relatively less probative weight than the March 2017 VA examiner's well-reasoned opinion. See Nieves-Rodriquez, 22 Vet. App. at 303-04; see also Prejean, 13 Vet. App. at 448-49. 

The Board has considered the Veteran's contentions and those of his representative in the November 2017 correspondence. The Board notes that neither the Veteran nor his representative has alleged, and the record does not otherwise show, that they have medical education, training, or experience. Accordingly, both the Veteran and his representative are considered lay witnesses, and are not competent to provide medical opinions as to nexus, etiology or aggravation secondary to service-connected disability. 38 C.F.R. § 3.159 (a). In order for secondary service connection to be established there must be competent evidence that the Veteran's right testicle epididymal cyst was proximately due to, or chronically aggravated by, a service-connected disease or injury. As discussed above, the preponderance of the evidence is against a finding that such has been demonstrated of record. They further allege that he had his right testicle removed in March 1997 because there was a possibility that the right testicle epididymal cyst could be cancerous. Finally, the Veteran and his representative allege that the physician recommended and the Veteran agree to surgery due, in part, to the radiation he received for treatment of the service-connected skin disability. As stated above, the Veteran and his representative have not alleged, and the preponderance of the evidence of record does not reflect, that the Veteran's right testicle epididymal cyst was caused or aggravated by his service-connected skin disability or caused or aggravated by the radiation treatment he received due to his service-connected skin disability. The most probative competent evidence of record providing an opinion as to whether the Veteran's right testicle epididymal cyst was caused or aggravated by his service-connected skin disability is the March 2017 VA examiner's negative opinion. 

Accordingly, the Board accepts the March 2017 VA examiner's opinions as the most probative evidence of record. The VA examiner's opinions indicate that it is less likely than not that the Veteran's right testicle epididymal cyst is causally or etiologically related to his active service, to include in-service exposure to herbicides, or that the right testicle epididymal cyst is caused by, proximately due to, or aggravated by the service-connected skin disability, to include radiation treatment thereof. As the Board finds that the preponderance of the evidence is against the claim, the benefit-of-the-doubt doctrine is not for application. The claim therefore must be denied. 38 U.S.C. § 5107 (b); see also Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990).


ORDER

Entitlement to service connection for a right testicle epididymal cyst, to include as due to exposure to herbicides, and claimed as secondary to service-connected skin disability, is denied.




____________________________________________
U. R. POWELL
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs