﻿Citation Nr: AXXXXXXXX
Decision Date: 07/25/19 Archive Date: 07/25/19

DOCKET NO. 180926-498
DATE: July 25, 2019

ORDER

Entitlement to service connection for ulcerative colitis is denied.

FINDINGS OF FACT

1. The Veteran was treated for blood in his stools in February 1975.

2. The Veteran was diagnosed with ulcerative colitis in 2011.

3. The preponderance of the evidence is against finding that the Veteran’s current ulcerative colitis began during active service or is otherwise related to an in-service injury or disease.

CONCLUSION OF LAW

The criteria for service connection for ulcerative colitis are not met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from September 1974 to September 1976. 

The Board notes that the rating decision on appeal was issued in September 2018. In May 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). The Veteran selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the September 2018 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this rating decision to the Board and requested a Board hearing review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

In April 2019, the Veteran and his wife attended a hearing before the undersigned Veterans Law Judge (VLJ). A transcript of the hearing has been associated with the record.

1. Entitlement to service connection for ulcerative colitis

Entitlement to service connection requires evidence of three elements: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship or nexus between the current disability and the disease or injury incurred or aggravated during active service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

The Veteran contends that his ulcerative colitis is related to his service in that he was treated for blood in the stools during service, which he believes to be a symptom of his ulcerative colitis. The AOJ found that the Veteran has a current diagnosis of ulcerative colitis and that he was treated for blood in the stool in February 1975. The question in this case is whether a causal relationship or nexus exists between the Veteran’s ulcerative colitis and his active service.

The Veteran testified that he believes that symptoms of his ulcerative colitis started during basic training and never cleared up. The Veteran’s Service Treatment Records (STRs) indicate that he was treated during service once for blood in the stool in February 1975, but that he did not seek any additional treatment during service for this condition. The Veteran reported that he was told by military doctors that he had internal hemorrhoids. The Veteran’s separation medical examination conducted in March 1976 did not indicate any gastrointestinal issues and stated that the Veteran was not treated for other than minor conditions during service.

The Veteran’s private medical records indicate a diagnosis of chronic colitis consistent with inflammatory bowel disease after the Veteran underwent a colonoscopy in December 2008. A January 2011 report from a private gastroenterologist indicated that the Veteran had features consistent with inactive inflammatory bowel disease, and a surgical pathology report in October 2011 indicates that the Veteran has a documented history of ulcerative colitis and a diagnosis of chronic colitis with moderate activity. 

The Veteran underwent a VA examination in April 2018 for his ulcerative colitis. The Veteran reported that he underwent a colonoscopy in 1977 shortly after discharge and that ulcerative colitis was found. There is no medical documentation in the file to corroborate this claim. The examiner noted that the Veteran did not report a gastrointestinal problem on his May 1976 separation examination. Although the Veteran testified that the condition started during basic training and “never cleared up,” and that he sought treatment for the condition from a private doctor during active duty service, there is no record of continuous symptoms or treatment. The earliest evidence of treatment sought by the Veteran for ulcerative colitis is in December 2008, more than 30 years after separation from active duty service. The VA examiner also reviewed a 2017 colonoscopy report indicating that the Veteran had no significant pathological changes in his condition. The VA examiner opined that, since there was no record of the 1977 colonoscopy, or treatment for ulcerative colitis until December 2008, and the Veteran’s condition was stable, it was less likely than not related to his active duty service.

The Veteran’s wife attended the VA examination and testified that she was a registered nurse and that she has some experience with this ulcerative colitis through her training. The Veteran’s wife testified that it was “possible” that the blood in the stools shown in the Veteran’s February 1975 STRs was a manifestation of his current ulcerative colitis. While the Board concedes that, as a registered nurse, she is competent to provide an opinion regarding a nexus between the 1975 in service treatment and the 2008 treatment for ulcerative colitis, the opinion she provided at the Board hearing is not probative as it is too speculative to establish a medical nexus. The United States Court of Appeals for Veterans Claims has held that the use of equivocal language such as “may” makes a statement by an examiner speculative in nature. See Bostain v. West, 11 Vet. App. 124, 127-28, quoting Obert v. Brown, 5 Vet. App. 30, 33 (1993) (medical opinion expressed in terms of “may” also implies “may or may not” and is too speculative to establish medical nexus). See also Warren v. Brown, 6 Vet. App. 4, 6 (1993) (doctor’s statement framed in terms such as “could have been” is not probative); Tirpak v. Derwinski, 2 Vet. App. 609, 611 (1992) (“may or may not: language by a physician is too speculative). As the Veteran’s wife testified that using speculative language, the Board finds the opinion speculative in nature. As it is speculative, it does not provide the necessary medical nexus between the Veteran’s 1975 in service treatment for blood in the stools and his current diagnosis for ulcerative colitis to establish service connection.

The record indicates that at the Board hearing, the undersigned VLJ reminded the Veteran that he had to submit any additional medical information to the Board within 90 days of the hearing date. The record does not show that any new medical evidence was submitted by the Veteran.

The Board finds that the only probative medical evidence of record is from the April 2018 VA examiner, who opined that it was less likely than not that the Veteran’s current ulcerative colitis was related to his service, to include his February 1975 treatment for blood in the stools.

As the preponderance of the evidence is against this claim, the benefit-of-the-doubt doctrine does not apply, and the claim for entitlement to service for ulcerative colitis must be denied. See Gilbert v. Derwinski, 1 Vet. App 49 (1990). ]

 

H. SEESEL

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD A. Boal, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.