﻿Citation Nr: AXXXXXXXX
Decision Date: 11/30/20 Archive Date: 11/30/20

DOCKET NO. 200115-54858
DATE: November 30, 2020

ORDER

Service connection for obstructive sleep apnea is granted.

FINDING OF FACT

The Veteran’s obstructive sleep apnea is proximately due to, the result of, or aggravated by his service-connected posttraumatic stress disorder (PTSD).

CONCLUSION OF LAW

The criteria are met for entitlement to service connection for obstructive sleep apnea since secondary to service-connected PTSD. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.310.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from July 1994 to January 2004. 

On his January 2020 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement (NOD)), the Veteran elected the “Direct Review” option. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Service Connection for Obstructive Sleep Apnea is granted.

The Veteran contends that his obstructive sleep apnea was caused or aggravated by his service-connected PTSD.

Service connection is permissible on a secondary basis for disability that is proximately due to, the result of, or aggravated by a service-connected disability. 38 C.F.R. § 3.310(a) and (b); see also Allen v. Brown, 7 Vet. App. 439 (1995).

Upon review of the record, the Board finds the evidence is at least in relative equipoise concerning this posited correlation – meaning as supportive of the claim as it is against it. Therefore, service connection for obstructive sleep apnea is warranted since, in this circumstance, the Board must resolve this reasonable doubt in the Veteran’s favor and grant rather than deny the claim. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

The evidence of record includes a February 2019 supporting medical opinion by the Veteran’s private primary care physician. This private physician opined that it is more likely than not the Veteran’s obstructive sleep apnea is due to his PTSD. This commenting private physician explained that sleep disruption caused by obstructive sleep apnea can be exacerbated by chronic pain, medications, anxiety, and increasing weight. This physician stated that he was aware of the Veteran’s history of treatment for PTSD and had been following his sleep disruptions, insomnia, and PTSD since 2006 (so since only about 2 years after conclusion of his military service). 

By contrast, a February 2019 VA examiner found that it is less likely than not that the Veteran’s PTSD caused or aggravates his obstructive sleep apnea. This VA examiner explained that there were multifactorial risk factors for sleep apnea, the most important being obesity, as well as gender, age, and cranial and upper airway abnormalities. In an addendum opinion, this VA examiner added that it would be speculative to relate the Veteran’s sleep apnea to his PTSD, pointing to the same rationale as earlier that the risk factors for obstructive sleep apnea are multifactorial – including obesity, age, and airway abnormalities.

Neither of these medical opinions is more probative (meaning more competent and credible) than the other. That said, on the one hand, the private physician’s rationale for the conclusion reached was not quite fully explained, but it is clear that he was knowledgeable of the Veteran’s clinical history, indeed, dating virtually back to his time in service. The private physician’s opinion also in certain respects uses equivocal language, which usually is not sufficiently definitive to support a claim and grant of service connection. See, e.g., Jones v. Shinseki, 23 Vet. App. 382 (2010). But, that said, an etiological opinion has to be viewed in its entire context and not characterized solely by the medical professional's choice of words. See Perman v. Brown, 5 Vet. App. 237, 241 (1993); Lee v. Brown, 10 Vet. App. 336, 338 (1997). Moreover, the U. S. Court of Appeals for Veterans Claims (CAVC) has made clear that an "absolutely accurate" determination of etiology is not a condition precedent to granting service connection, nor is "definite" or "obvious" etiology; instead, this posited correlation between a Veteran's claimed disability and service (or, here, a service-connected disability) need only be an "as likely as not" proposition. See Alemany v. Brown, 9 Vet. App. 518, 519 (1996).

On the other hand, although the VA examiner’s rationale points to other likely causes of the Veteran’s obstructive sleep apnea, the VA examiner did not entirely rule out PTSD as at least a contributing factor to aggravation of it, even if not necessarily the cause or reason for his obstructive sleep apnea, per se. 

 

When considering these medical opinions for versus against the claim alongside the treatment records, and when considering the Veteran’s lay contentions in relation to his claim, the Board finds that service connection for his obstructive sleep apnea is warranted because, at the very least, it is as likely as not his service-connected PTSD aggravates it. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

 

KEITH W. ALLEN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Erdheim

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.